IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GARCIA PADILLA,<br>    Petitioner,<br>v.<br>K. MENDOZA-POWERS,<br>    Respondent. | No. C 06-00587 CRB<br><br>**ORDER DENYING HABEAS PETITION** |

Mario Garcia Padilla was sentenced to 15-years to life following his 1985 conviction for second degree murder. Now pending before the Court is his petition for a writ of habeas corpus challenging the California Board of Term's decision to deny him parole for at least two years. After carefully considering the record in this case, the petition is DENIED.

**BACKGROUND**

On October 19, 1983, petitioner's friend told petitioner that some individuals had thrown bottles at the friend's car. Petitioner grabbed a shotgun and went with his friend to find the bottle-throwing individuals. While his friend watched, petitioner confronted one of the individuals, argued with him, and then struck him several times. Petitioner then fired his shotgun, striking the individual in the head and killing him. He fled and attempted to dispose of the shotgun.

Petitioner was convicted in 1985 of second degree murder. In 1994, he was convicted

of possession of cocaine while serving his sentence.

The California Board of Prison Terms held a parole hearing concerning petitioner on November 4, 2004. After hearing argument and reviewing the record, the Board denied parole for two years. The Board relied on the nature of the commitment offense, namely, a senseless murder and then an attempt to flee. The Board also cited petitioner's failure to sufficiently participate in self-help programs, especially programs addressing mutual combat, and it noted that three of the four disciplinary citations he had received while in prison involved mutual combat. The Board also gave as reasons for the denial a doctor's mental health evaluation of petitioner that observed that petitioner does not appreciate his substance abuse problem, as well as the district attorney's opposition to petitioner's release. Finally, the Board noted that prior to the murder, petitioner had been deported to Mexico several times, only to again return illegally to the United States and had even transported undocumented aliens into the United States.

Petitioner filed a writ of habeas corpus challenging the denial with the Los Angeles Superior Court. The court denied the petition by written order filed April 18, 2005 on the ground that "some evidence" supports the Board's finding that petitioner is unsuitable for parole. The evidence included the cruel and senseless nature of the commitment offense, petitioner's failure to sufficiently participate in self-help programming, and the psychological evaluation, including petitioner's failure to acknowledge his substance abuse problem. Petitioner then filed a habeas petition in the California Supreme Court which was summarily denied, followed by the timely filing of the habeas petition currently pending before this Court.

**STANDARD OF REVIEW**

A court may entertain a petition for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "in behalf of a person in custody pursuant to the judgment of a State court order only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal writ of habeas corpus may not be granted with respect to any claim that was

1 adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1)
2 resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
3 established Federal law, as determined by the Supreme Court of the United States; or (2)
4 resulted in a decision that was based on an unreasonable determination of the facts in light of
5 the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

6 Under the "contrary to" clause, a federal habeas court must only consider as clearly established federal law "the holdings of the Supreme Court as of the time of the state court decision." Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). "While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." Id. Under the "unreasonable application" clause, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411.

17 The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. See Y1st v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). A parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006). In addition, the evidence underlying the board's decision must have some indicia of reliability. McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002). Accordingly, if the board's determination of parole suitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

27 When assessing whether a state parole board's suitability determination was supported
28 by "some evidence," the court's analysis is framed by the statutes and regulations governing

3

parole suitability determinations in the relevant state. Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007). In California, the court must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by "some evidence" constituted an unreasonable application of the "some evidence" principle. Id. A relevant factor in determining whether the evidence underlying the board's decision has some indicia of reliability is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board. See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir. 1987).

## DISCUSSION

Petitioner claims that the Board's decision to deny parole violated the due process clause because the decision was not supported by "some" evidence and the Board impermissibly relied on the facts of his commitment offense. The Court disagrees.

The circumstances of the crime adequately support the finding that the crime was carried out in a cruel, callous, deliberate and calculated manner. Of particular force is the fact that petitioner could have walked away from a trivial conflict that did not involve himself in the first instance, but instead retrieved a loaded rifle and shot the victim in the face. The presence of suitability factors, while significant, does not tip the scales so far in favor of parole that the Court could conclude that the state court's application of the "some" evidence standard was objectively unreasonable. See Irons, 505 F.3d at 852-53 (callousness of offense and trivial motive show "some" evidence of unsuitability despite a positive showing on virtually all other suitability factors). This is especially so given the other factors identified by the Board, including petitioner's lack of sufficient participation in self-help programs, his disciplinary record in prison, and his failure to adequately acknowledge his substance abuse problem. No federal court has ever granted a habeas petition challenging the denial of parole under such circumstances. While the Board was not required to weigh the evidence as it did, the Court cannot conclude that its determination was contrary to or an

//

4

1 unreasonable application of federal law.

**IT IS SO ORDERED.**



Dated: April 3, 2009
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE